W. JUDAH *v.* BRIDGET WHALEN, ET AL.

[Abstract Kentucky Law Reporter, Vol. 4—888.]

**Admissions in Disparagement of Title.**

An admission made after others have acquired separate rights in the same subject-matter can not be proved to disparage their title, however such admissions may affect the title of the declarant himself, and this dictrine applies to grantor and grantee.

APPEAL FROM LOUISVILLE CHANCERY COURT.

April 12, 1883.

OPINION BY JUDGE HARGIS:

The appellant instituted two actions against Bridget Whallen and John Whallen, in each of which he sought to subject to the payment of his demands against John Whallen a certain house and lot which the appellant alleged had been fraudulently conveyed by John to his mother, Bridget Whallen. They denied all of the material allegations with regard to the conveyance and pleaded that her son, James Whallen, bought and paid for the property which he voluntarily conveyed to her. The whole of this case turns upon the truth or falsehood of the last averment.

It is insisted that James did not have the means to purchase or lease the Buckingham Theater from the management of which the money was made that paid for the property conveyed to Bridget Whallen. It is positively proven by himself and wife and two other witnesses that he did have about $2,800 before he leased the theater. Davis leased it to him and the attorney, Dawson, drew up the lease, according to their contract. James seems to have been industrious in the main and had opportunities from which it is not improbable that he made enough to lease the theater, which he employed John to manage. The business of the concern was conducted for James, and Mrs. Savage testifies that John had no interest in it except as an employé on a salary. There are some suspicious circumstances connected with the transaction but not sufficient to overturn the positive testimony of John and James Whallen, supported as it is by the evidence mentioned, when the conversations had with John Whallen

after the execution of the deed to Bridget are excluded, as they must be, from the consideration of the case.

I Greenleaf on Evidence (14th ed.), § 180, says: "But an admission, made after other persons have acquired separate rights in the same subject-matter, can not be received to disparage their title, however it may affect that of the declarant himself," and this most just and equitable doctrine applies to the case of grantor and grantee.

This general rule is maintained in *Doyle v. Sleeper,* 1 Dana (Ky.) 531; *Christopher v. Covington,* 2 B. Mon. (Ky.) 357; *Short v. Tinsley,* 1 Metc. (Ky.) 397, 71 Am. Dec. 482. In the absence of those admissions which were made by John there is nothing tangible or safe upon which to rely in order to declare the conveyance fraudulent, especially in view of the assay of positive and consistent evidence to the contrary.

We are therefore of the opinion that the chancellor properly refused to annul the conveyance and the judgment is *affirmed.*

*Russell & Helm,* for appellant.

*Kohn & Barker,* for appellees.